UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.R., BY AND THROUGH HER MOTHER B.R. | CIVIL ACTION |
| VERSUS | NO: 21-2066 |
| ST. MARTIN'S EPISCOPAL SCHOOL | SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss** (Rec. Doc. 8) is **DENIED**.

### BACKGROUND

Plaintiff attended St. Martin's Episcopal School ("St. Martin's") for eight years through 6th grade, home schooled for 7th grade during the COVID-19 pandemic, and alleges she was effectively denied readmission for 8th grade based upon her disability. Plaintiff has cerebral palsy and periventricular leukomalacia (PVL). She attended St. Martin's with accommodations for her physical disabilities, including being accompanied at school every day by an aide paid for by her family, who helped her with daily activities, including navigating the hallways between classes, carrying her materials to and from classes, carrying her lunch tray, helping her cut her food, and assisting her in using the bathroom. In addition to her physical limitations, plaintiff's PVL has resulted in a brain injury that makes it difficult to retain and quickly recall math facts. Up through the 6th grade, St. Martin's accommodated this disability by allowing her to use a basic, four-function calculator during math class.

During 7th grade, plaintiff's mother arranged for home schooling because plaintiff's cerebral palsy made her exceptionally vulnerable to COVID-19, and no vaccine was available. When her mother reached out to St. Martin's to arrange readmission for 8th grade, the school informed her she would have to re-apply and take the Independent School Entrance Exam ("ISEE") without the use of a calculator, because St. Martin's had eliminated calculator use as an accommodation for any disabled students, and E.B. and one other student had previously been allowed to use one only because they were "grandfathered in". When it was brought to St. Martin's attention that the ISEE administrators specifically authorized this accommodation for person's with disabilities such as plaintiff's, it stated that it would permit plaintiff to use it for the ISEE test, but if admitted, she could not use it for her course work or testing at St. Martin's.

Plaintiff alleges that St. Martin's did not want to provide physical accommodations for her disabled daughter, and denied the calculator accommodation to make it impossible for her to attend and succeed there. She filed suit under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 701, et seq. their state law counterparts, specifically, La. Rev. Stat. §§ 46:2254, and 51:2247, and negligence under state law.

St. Martin's has moved to dismiss the suit, arguing that because it is a religious institution, it is not subject to the ADA, and that plaintiff has failed to state a claim under the Rehabilitation Act or state law. Plaintiff opposes the motion.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a


complaint for failure to state a claim upon which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 556 U.S. at 678.

"Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 249 (5th Cir. 2017).

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading  and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748

F.3d 631, 635 (5th Cir. 2014).

## DISCUSSION

*ADA Claims*

Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Private elementary and secondary schools are encompassed by the statute. 42 U.S.C. § 12181(7)(J). However, religious schools are exempted from the ADA. 42 U.S.C. § 12187 ("The provisions of this title shall not apply to ... religious organizations or entities controlled by religious organizations, including places of worship"). The exemption is read broadly:

> The ADA's exemption of religious organizations and religious entities controlled by religious organizations is very broad, encompassing a wide variety of situations. Religious organizations and entities controlled by religious organizations have no obligations under the ADA. Even when a religious organization carries out activities that would otherwise make it a public accommodation, the religious organization is exempt from ADA coverage. Thus, if a church itself operates a day care center, a nursing home, a private school, or a diocesan school system, the operations of the center, home, school, or schools would not be subject to the requirements of the ADA or this part. The religious entity would not lose its exemption merely because the services provided were open to the general public. *The test is whether the church or other religious organization operates the public accommodation*, not which individuals receive the public accommodation's service.

28 C.F.R. § Pt. 36, App. C (emphasis added).

Thus, at issue is whether the face of the complaint establishes that St. Martin's is operated by the Episcopal Church. A review of the complaint demonstrates that that fact is not established

4

on its face. Seemingly acknowledging this, St. Martin's requests the court to take judicial notice of its website, which it contends reflects its close connection to the Episcopal church.

Rule 201 of the Federal Rules of Evidence states that a court *may* take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned." FED. R. EVID. 201(a) and (b). The court declines to take judicial notice of facts contained in the website because the defendant's website does not meet the reliability standards required by Rule 201. In large part a marketing and recruitment tool, it is not in the nature of the official government or agency websites of which courts typically take judicial notice. See, e.g., Hyder v. Quarterman, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007), report and recommendation adopted in part, 2007 WL 4300442 (S.D. Tex. Dec. 5, 2007) (citing cases).

Further, St. Martin's seeks to introduce the website to establish a fact which is in issue – whether St. Martin's is *operated by* a religious entity – which is not resolved on the face of the complaint. Accordingly, St. Martin's is not entitled to dismissal of the ADA claim.

### *Rehabilitation Act Claims*

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides in pertinent part that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." 29 U.S.C. § 794(a). "To state a claim for relief under Section 504, a plaintiff must allege that she or he was:

'(1) an individual with a disability'; (2) 'otherwise qualified' for the program; and (3) excluded from, denied the benefits of, or otherwise subjected to discrimination under the program 'solely by reason of her or his disability.' " Shaikh v. Texas A&M Univ. Coll. of Med., 739 F. App'x 215, 219 (5th Cir. 2018) (quoting 29 U.S.C. § 794(a)). "Discrimination includes a failure to make reasonable accommodations." Feist v. La. Dep't of Justice, Office of the Attorney Gen., 730 F.3d 450, 452 (5th Cir. 2013) (citing 42 U.S.C. § 12132; 29 U.S.C. § 794 (a)).

    St. Martin's argues that plaintiff cannot state a claim because the accommodation requested requires a substantial modification to its program in order for plaintiff to participate. According to St. Martin's, a private school is only required to admit a disabled applicant if the applicant can meet the school's "essential eligibility requirements" without the school having to make more than a "minor adjustment". St. Martin's relies on the federal regulation providing that "[a] recipient that provides private elementary or secondary education may not, on the basis of handicap, exclude a qualified handicapped person if the person can, *with minor adjustments*, be provided an appropriate education, as defined in § 104.33(b)(1), within that recipient's program or activity." 34 C.F.R. § 104.3(a) (emphasis added).

    "Minor adjustment" is not defined in the regulations. Nor has the court located any controlling case law defining it. One district court has determined that whatever it is, it something "less than a reasonable accommodation." Hunt v. St. Peter Sch., 963 F. Supp. 843, 852 (W.D. Mo. 1997). In the context of post-secondary education, the United States Court of Appeals for the Fifth Circuit has stated that "[t]he extent of an institution's affirmative duties to accommodate handicapped individuals is far from clear. The best that opinions following Davis have been able

to state definitively is that an educational institution must make 'reasonable,' but not 'fundamental' or 'substantial' modifications to accommodate the handicapped." McGregor v. Louisiana State Univ. Bd. of Sup'rs, 3 F.3d 850, 858 (5th Cir. 1993).

To determine whether plaintiff's requested accommodation is a reasonable, minor adjustment that does not require a fundamental or substantial modification is a fact-based question that cannot be resolved on the face of the complaint. However, the court observes that the fact that St. Martin's made the exact same accommodation to plaintiff and another student for three years, without incident or controversy, undermines its argument that the requested accommodated is an unreasonable, substantial modification.

St. Martin's further argues that plaintiff fails to state a Rehabilitation Act claim because she has not alleged that she is otherwise qualified, in that she meets its "essential eligibility requirements", because she has not alleged that she took the entrance exam or otherwise obtained the score necessary for admission. A review of plaintiff's complaint reflects that she specifically alleges that "Plaintiff is otherwise qualified to participate in St. Martin's curriculum." Cmplt., ¶ 68. She also alleges that between the 5th and 6th grades at St. Martin's, she made one C the entire time, earning fifteen As, four Bs, and one C during that period. Plaintiff was one of only fifteen children admitted into St. Martin's competitive Latin program, and won the French award in 2020, given to St. Martin's highest-performing student in French. While plaintiff declined to take the entrance examination after St. Martin's informed her that no matter her score, it would make it impossible for her to succeed because it would deny her the necessary accommodation, St. Martin's does not dispute plaintiff's contention that it was within its power to waive the testing

requirement based on plaintiff's prior record at St. Martin's. The court finds that the face of the complaint does not establish that plaintiff was not otherwise qualified to attend St. Martin's. In fact, it reflects that she did so quite successfully for many years.

***State Law Negligence Claims***

St. Martin's argues that plaintiff's general negligence claim seeks redress solely for emotional injuries, and is thus properly classified as a claim for negligent infliction of emotional distress, and that plaintiff does not meet the requirements to state such a claim.

The Louisiana Supreme Court has recognized that "[u]nder the general rule followed by the great majority of jurisdictions, if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance." Moresi v. State Through Dep't of Wildlife & Fisheries, 567 So. 2d 1081, 1095 (La. 1990). Nevertheless, it has also acknowledged that in Louisiana jurisprudence,

> there have been deviations from the general rule. A number of courts have allowed recovery against a telegraph company for the negligent transmission of a message, especially one announcing death, indicating on its face a potential for mental distress. E.g., Graham v. Western Union, 109 La. 1069, 34 So. 91 (1903). Some others have allowed similar recovery for the mishandling of corpses, See French v. Ochsner Clinic, 200 So.2d 371 (La.App. 4th Cir.1967); Blanchard v. Brawley, 75 So.2d 891 (La.App. 1st Cir.1954); Morgan v. Richmond, 336 So.2d 342 (La.App. 1st Cir.1976); Shelmire v. Linton, 343 So.2d 301 (La. App. 1st Cir.1977); failure to install, maintain or repair consumer products, Pike v. Stephens Imports, Inc., 448 So.2d 738 (La. App. 4th Cir.1984); failure to take photographs or develop film, Grather v. Tipery Studios, Inc., 334 So.2d 758 (La. App. 4th Cir.1976); negligent damage to one's property while the plaintiffs were present and saw their property damaged, Holmes v. Le Cour Corp., 99 So.2d 467 (Orl. La. App.1958); Lambert v. Allstate Insurance Co., 195 So.2d 698 (La. App.1st Cir.1967); and in cases allowing damages for fright or nervous shock, where the plaintiff was

> actually in great fear for his personal safety. Pecoraro v. Kopanica, 173 So. 203 (Orl. La. App.1937); Klein v. Medical Building Realty Co., Inc., 147 So. 122 (Orl. La. App.1933); Laird v. Natchitoches Oil Mill, Inc., 10 La. App. 191, 120 So. 692 (2d Cir.1929); Cooper v. Christensen, 212 So.2d 154 (La. App. 4th Cir.1968). There may be other cases, but all of these categories have in common the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious.

Id. at 1096 (other citations omitted). Thus, when a negligent infliction of emotional distress claim is not factually similar to a claim previously recognized as viable, the touchstone inquiry is whether there exists an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Collett v. Weyerhaeuser Co., 2021 WL 2579801, at *5 (E.D. La. June 23, 2021).

The facts alleged here are that a rising 8th grader with a strong academic record was denied a reasonable accommodation needed to pass her math class, in a school she had attended for eight years, and which had previously provided that accommodation, because she is disabled. Arguably, the distress caused by this set of facts is at least on a footing as that occasioned by a failure to install, maintain or repair consumer products, a failure to take photographs or develop film, or witnessing negligent damage to one's property. Plaintiff has alleged facts that support a likelihood of genuine mental distress caused by her circumstances, and thus has adequately pleaded a claim for negligent infliction of emotional distress.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss** (Rec. Doc. 8)

is **DENIED**.

New Orleans, Louisiana, this 24th day of February, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**